UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-1154 |
| | : | |
| v. | : | (JUDGE MANNION) |
| PA STATE CORR. OFFICER, ASSOC, et al., | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| CHARLES TALBERT, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-1902 |
| | : | |
| v. | : | (JUDGE MANNION) |
| OFFICER HUTCHINSON, et al., | : | |
| Defendants | : | |

## MEMORANDUM

**I. Background**

Plaintiff, Charles Talbert, an inmate currently confined at the State Correctional Institution, Dallas ("SCI-Dallas), Pennsylvania, filed the above caption civil rights actions pursuant to 42 U.S.C. §1983.

In both cases Talbert has moved to proceed *in forma pauperis*. However, because Talbert has had three, or more, previous lawsuits which

constitute "three strikes" within the meaning of 28 U.S.C. §1915(g). The Court will deny Talbert's motions for leave to proceed *in forma pauperis* and dismiss the actions without prejudice to Plaintiff reopening them by paying the full statutory and administrative filing fees.

## II. **Legal Standard**

Pursuant to 28 U.S.C. §1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, 575 U.S. 532 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when denying or revoking a prisoner's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the prisoner accrued prior to initiating the action immediately before the court. Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes

to their name, then the court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" requirement, a court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul–Akbar, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

### III. Discussion

The Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. §1915(g):[1]

---

[1] The three strike rule announced by the United States Court of Appeals for the Third Circuit in Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under §1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

* Talbert v. City of Philadelphia, No. 15-cv-1718, 2016 WL 427352 (E.D. Pa. Feb 3, 2016) (granting motion to dismiss complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and denying leave to amend claim in which Mr. Talbert was denied entry into the witness protection program, holding he had no constitutional right to protection from private actors, and his claim against the City lacked actual factual allegations to support a claim of municipal policy or custom);

* Talbert v. Pennsylvania Dep't of Educ., No. 15-cv-5491, 2015 WL 6964285 (E.D. Pa. Nov. 9, 2015) (dismissing as frivolous under 28 U.S.C. §1915(e)(2), a claim against parties entitled to Eleventh Amendment immunity);

* Talbert v. Levin, No. 15-cv-0279, 2015 U.S. Dist. LEXIS 10896 (E.D. Pa. Jan. 29, 2015) (dismissing writ of mandamus as frivolous);

* Talbert v. Kaplan, No. 12-cv-6533, 2013 WL 4434214 (E.D. Pa. Aug. 20, 2013) (granting motion to dismiss complaint asserting Eighth Amendment violation and denying leave to amend because any such attempt is futile where defendant was not a state actor).

Although Plaintiff has had at least three previous "strikes,"[2] he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger exception, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See

---

[2] While the Court lists four of Plaintiff's cases, resulting in strikes, it notes that Plaintiff is no stranger to litigation, as he has filed "at least fifty-four lawsuits" in the United States District Court for the Eastern District of Pennsylvania by April 2019. See Talbert v. Carney, Civil No. 19-1340, 19-1341, 2019 WL 1516940, at *3 n.19 (E.D. Pa. Apr. 5, 2019).

Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

Plaintiff's Civil Action No. 20-1154 was filed on July 6, 2020, while Plaintiff was housed at SCI-Phoenix. (Doc. 1). It is a thirty-six page diatribe of various allegations against the Pennsylvania State Correctional Officer Association, Governor Tom Wolf and twenty-eight Department of Corrections' employees, employed at his former place of confinement, SCI-Phoenix and his present place of confinement, SCI-Dallas. Id. On July 20, 2020, Plaintiff filed a "motion showing imminent danger of physical injury" in which he claims that Well Path, the health care provider at SCI-Phoenix, and its employees, failed to timely address "an oral infection and dentists had failed to treat it" and as a result "the infection began to spread within his blood

stream and cause problems with his eyes and heart." Id. He claims that "now both of Plaintiff's feet and legs have excessively swelled to the point of excruciating and unbearable pain and awkward mobility" and Defendants refuse to "provide Plaintiff access to specialists and offsite treatment for his aforementioned underlying health conditions." Id. He concludes that he "is at immediate risks of becoming blind and/or catching a stroke a heart attack" and that he "has ongoing chest pains and problems breathing." Id.

Plaintiff's Civil Action No. 20-1902 was transferred from the United States District Court for the Eastern District of Pennsylvania, to the Middle District of Pennsylvania on October 8, 2020. (Doc. 1). Plaintiff's complaint concerns excessive use of force and retaliation for filing a grievance regarding the use of force. Id. On November 18, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 10). Also, on November 18, 2020, Plaintiff filed a "Declaration of Imminent Danger", in which he states that he "has and continues to be, assaulted and threatened with death at SCI-Dallas by Defendants and their coworkers." (Doc. 13). Additionally, he claims that he is "39½ years old, with asthma, high blood pressure and abnormal heart condition and at high risk for COVID-19." Id.

Courts must assess whether imminent danger existed at the time plaintiff has brought the action. Abdul-Akbar, 239 F.3d at 313; see also 28 U.S.C. §1915(g). A prisoner has "brought an action" for purposes of 28

- 6 -

U.S.C. §1915(g) "when he tenders or submits his complaint to [a district] court," rather than when the court dockets the complaint after granting IFP status. Brown v. Sage, 941 F.3d 655, 661 (3d Cir. 2019). Because Plaintiff submitted his original Complaints on July 6, 2020 and October 16, 2020, respectively, the Court looks to whether he was in imminent danger as of those dates.

With respect to Civil No. 20-1154, Plaintiff cannot allege any imminent danger of serious physical injury arising from the named Defendants at SCI-Dallas, as he was not in Defendants' custody or control at the time, he filed his complaint. Barren v. U.S. Dept. of Justice, 2:19-CV-97, 2019 WL 1116954, at *3 (W.D. Pa. Feb. 19, 2019) ("Not only does the proposed Complaint fail to demonstrate imminent danger, it fails to demonstrate any danger of serious physical injury at all insofar as the proposed Complaint concerns actions taken long ago by the defendants, none of whom have immediate custody of Plaintiff."), *report and recommendation adopted*, 2:19-CV-97, 2019 WL 1116213 (W.D. Pa. Mar. 11, 2019), *superseded*, 2:19-CV-97, 2019 WL 1651627 (W.D. Pa. Apr. 17, 2019), *appeal dismissed sub nom*. Barren v. DOJ, 19-2067, 2019 WL 5884527 (3d Cir. July 11, 2019), *and report and recommendation adopted*, 2:19-CV-97, 2019 WL 1651627 (W.D. Pa. Apr. 17, 2019*), and appeal dismissed sub nom*. Barren v. DOJ, 19-2067, 2019 WL 5884527 (3d Cir. July 11, 2019); Pickens v. Nunn, 2:04-CV-0085,

2004 WL 909442, at *1 (N.D. Tex. Apr. 20, 2004) ("Given plaintiff's transfer from the Clements Unit, where all of the defendants are located, to the McConnell Unit, plaintiff is suing defendants in whose custody and control he no longer resides and who cannot place him in imminent danger of serious physical injury. Plaintiff has alleged no fact fulfilling the statutory exception ..."). Thus, Plaintiff's motion to proceed *in forma pauperis* in Civil No. 20-1154, will be denied and Plaintiff will be required to pay the full filing fee in order to proceed with Civil No. 20-1154.

With respect to Civil No. 20-1920, when reviewing both the assertions set forth in Plaintiff's complaint and Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff's allegations are speculative and do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. §1915(g). Plaintiff complains that he was retaliated against for filing a grievance on September 9, 2020. (Doc. 1). He does not indicate when this retaliation occurred, only that it resulted in Defendants "unreasonably seizing several articles of Plaintiff's legal materials; and using excessive and unjustified force against Plaintiff." Id. Plaintiff filed his complaint on October 5, 2020, and his declaration of imminent danger over a month later on November 18, 2020. (Doc. 13). His allegations of imminent danger range from him having been assaulted to continuing to be assaulted and threatened with death to his fear of contracting COVID-19. Id. Thus, the Court finds that

- 8 -

such vague allegations, without more, cannot be construed as "imminent" as contemplated by the statute or case law. See Abdul-Akbar, 239 F.3d at 312. Moreover, it is the Plaintiff's burden to make specific and credible allegations of "imminent danger," and "when considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." Brown v. Lyons, 977 F. Supp. 2d 475, 483 (E.D. Pa. 2013). Plaintiff's vague and conclusory allegation that he has "been constantly threatened by the defendants" simply fails to provide the sufficiency needed to satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. §1915(g).

Moreover, while the Court is sympathetic to Plaintiff's concern about the potential complications which may arise if he were to contract COVID-19, at the time Plaintiff's complaint was filed, his position about the heightened risk of contracting COVID-19 while incarcerated at the SCI-Dallas was purely speculative and completely unrelated to the allegations contained in Plaintiff's complaint, thus negating any nexus between the allegations in the complaint and Plaintiff's claim of imminent danger. "[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger

- 9 -

of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint[3] and (2) whether a favorable judicial outcome would redress that injury." Id. at 298-99 (emphasis and footnote omitted).

Accordingly, the Court will deny Plaintiff's motions to proceed *in forma pauperis,* pursuant to 28 U.S.C. §1915(g), dismiss Plaintiff's complaints without prejudice and direct the Clerk of Court to close these actions. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis*. He must pay the filing fee at the time he **initiates** the suit.") (emphasis in original).

## IV. Conclusion

For the reasons set forth above, Plaintiff's motions to proceed *in forma pauperis* in both Civil No. 20-1154 and Civil No. 20-1902 will be denied

---

[3] This same rationale applies to Plaintiff's January 14, 2021 declarations in support of imminent danger, filed months after the filing of the complaint in both civil actions, notifying the Court that, although not positively tested, he is suffering from COVID-19 symptoms. (See Docs. 19, 20).

pursuant to the three-strikes provision of 28 U.S.C. §1915(g), and the complaints will be dismissed without prejudice.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 15, 2021**
20-1154-01